WILLIAM H. HAMMOND, PLAINTIFF IN ERROR, V. SHERMAN S. JEWETT & Co., DEFENDANTS IN ERROR.

1. **The Evidence** examined, and *Held*, Not sufficient to sustain the verdict of the trial jury.

2. **Verdict.** Where an issue is presented by the pleadings, the verdict of a jury thereon cannot be sustained, unless supported by some evidence.

ERROR to the district court for Clay county. Tried below before MORRIS, J.

*Dilworth & Smith* and *W. P. Shockey*, for plaintiff in error.

*Leslie G. Hurd*, for defendants in error.

REESE, J.

This action was commenced before a justice of the peace of Clay county. Such proceedings were had as resulted in a removal of the cause to the district court by appeal, where new pleadings were filed and a trial had, resulting in a judgment in favor of defendant in error and against plaintiff in error.

The allegations in the petition are, that plaintiff in error was a local dealer in stoves and hardware in the town of Harvard, and was the agent of defendants in error for the sale of their stoves; that through plaintiff in error, as such agent, defendants in error sold a stove to one Goehring for the sum of $70; that the sum of $50 of the purchase price of the stove had been paid to the plaintiff in error, but that he had failed to pay the same over to defendants in error, and that there were $54.48 due to defendants in error.

Plaintiff in error, by his answer, substantially admits the sale of the stove through him as agent, but alleges that the same was paid for to him by Goehring, and that on the 13th of October, 1878, he paid to defendants in error the whole amount due and owing to them growing out of such sale.

The reply was a general denial.

The only question involved in the case is one of payment; for plaintiff in error and Goehring, in their testimony, both state unequivocally that the stove was purchased through plaintiff in error, as alleged, and paid for by Goehring. We have examined the record and the testimony carefully, and are forced to the conclusion that the verdict is contrary, not only to the weight of evidence, but to the whole thereof.

W. P. Webster, the traveling agent of defendants in error, by whom the stove was sold, testified to its sale and shipment, and states unequivocally that he has no knowledge as to whether the debt had been paid or not; that he is not the bookkeeper of defendants in error, nor is he the cashier, and does not have access to the books of the defendants in error, and only depended upon the statements given him by them for collection. When asked if the debt had ever been paid, his answer was, "It has not, to my knowledge. Of course I have not full knowledge of these things."

It will not serve any good purpose to give a critical examination of his testimony. It is fair to say that throughout the whole of his examination there is no proof whatever that the debt has not been paid. It is quite probable that by the issues the burden of proof did not rest upon the defendants in error to establish the negative of this proposition by a preponderance of testimony; but it appears that they assumed this responsibility upon the trial of this question. Plaintiff in error, upon the witness stand, testified positively and unequivocally that he had paid the

debt by a draft sent to defendants in error at their place of business, in Chicago, Illinois. He testifies with Goehring as to the time of the payment of the money to him by Goehring, and that immediately thereafter, or, at any rate, within a short time, he forwarded to defendants in error a draft for the full amount due upon the stove.

We here quote a part of his testimony:

Q. You may state to the jury whether or not you have paid the plaintiffs for that stove?

A. Yes, sir; I paid them for it and got their receipt.

Q. Have you the receipt for that with you now?

A. No, sir; I got it burned up when I burned out. There were several of these. After I lost the receipt I sent to Chicago to get a statement from the house.

Q. Look at that paper (referring to paper marked exhibit A), and state whether or not this is the return?

A. Yes, sir, that is it; the stove is charged $50, four months' time. On October 31st, 1878, I have credit for $50.

Q. That is the credit it speaks about for the stove?

·A. Yes, sir, that is it.

He also testifies that the $50 payment made to him was paid directly upon this purchase.

In his cross-examination he is asked the question, "You sent the house $50 on this stove?"

A. Yes, sir.

Q. And Jake (meaning Goehring) paid you $50?

A. Yes, sir, and I sent them a draft for $50.

There is no conflict of testimony upon this subject. Webster was again called to the stand but did not contradict any of this testimony. In fact it was wholly and entirely uncontradicted. The statement referred to as having been sent to plaintiffs in error by defendants in error, shows the charge for the stove to have been made on the 24th day of July, 1878, and a credit of $50 on the 31st day of October of the same year.

The answer of plaintiff in error squarely and fully presented the issue of payment. No preparation seems to have been made, by deposition or otherwise, to meet this issue on the part of defendants in error. It is shown by the witness (Webster) that another person than himself had charge of the books and doubtless could have testified as to whether payment had been made or not.

This is not a case of conflicting testimony; therefore, the well established rule in this state, that a verdict upon conflicting testimony will not be molested, can have no application. There was, it seems, a total absence of negative proof on the part of defendants in error, and therefore the verdict in their favor cannot stand.

The judgment of the district court is set aside and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.